## Ironstone Corporation *v.* Zoning Hearing Board.

Argued March 8, 1972, before President Judge BOW-
MAN and Judges CRUMLISH, JR., KRAMER, WILKINSON,
JR., MENCER, ROGERS and BLATT.

*Lawrence Sager,* with him *Louis Sager* and *Sager &
Sager,* for appellant.

*J. Kitridge Fegley,* with him *David M. Kozloff* and
*Rhoda, Stoudt & Bradley,* for appellee.

OPINION BY JUDGE CRUMLISH, JR., May 25, 1972:

This is a zoning appeal. The Berks County Court of Common Pleas affirmed a decision of the Douglass Township Zoning Hearing Board (Board). Appellant, Ironstone Corporation, pursuant to a variance which allowed it to use the property in question as a ski area and recreational resort, conducted snowmobile races without the blessing of zoning permits as required by the Township's ordinance. The Township cited Ironstone for this violation.

Thereafter, Ironstone applied for a zoning permit to use the property for various recreational activities. On April 3, 1970, it went to the Board and asked for an interpretation of the Township ordinance by which the variance would allow certain recreational activities, including day camping and training grounds, snowmobile competition and outdoor concerts. Alternatively, Ironstone requested a special exception if the Board concluded a permit was required.

The Board granted a special exception for recreational use including day camping and related activities, training grounds and competition in athletic sports, but it specifically excluded outdoor concerts and competition involving self-propelled conveyances, e.g., snowmobiles.

The Berks County Court of Common Pleas on appeal remanded the matter for further findings. After a hearing, the Board, by order dated April 29, 1971, held that the operation of snowmobiles on the property of appellant constituted a racetrack within the meaning of a prohibition in the Township ordinance.[1] Ironstone then appealed to the Court of Common Pleas of Berks County which, without taking further testimony, affirmed the Board. Hence the appeal to this Court.

---

[1] Appellant had, at the time of hearing, withdrawn its request to use the subject premises for conducting outdoor concerts.

Appellant proffers two arguments: (1) That it was denied an impartial hearing before the Board since in the violation proceeding and at the hearing before the Board, the same person acted as solicitor for both authorities; and (2) That it was an error of law for the Board to refuse Ironstone a special exception.

A careful review of all of the proceedings fails to uphold appellant's position that a fair and impartial hearing was not had. The initial action taken against Ironstone was concerned with the violation of the zoning ordinance in that it had not obtained nor attempted to obtain a permit to conduct the snowmobile races in the winter of 1970-71. The first action has no relation to the contention that a special exception should be awarded to allow the races. The solicitor acted for the Township in its action to move appellant to obtain some type of a permit to conduct the activities in question but in so doing it cannot be said that his subsequent participation in an action to determine whether these activities are covered by a special exception creates prejudicial duality. Herein lies the distinction between the factual posture we condemned in *Donnon v. Downingtown Civil Service Commission*, 3 Pa. Commonwealth Ct. 366, 283 A. 2d 92 (1971).

There is no indication in the record nor any factual averment to support the contention that the solicitor was predisposed in the matter of the special exception or in any way attempted to improperly influence the conduct of or the result of the proceedings before the Board. This Court in *Cherbel Realty Corp. v. Zoning Hearing Board*, 4 Pa. Commonwealth Ct. 137, 144, 285 A. 2d 905 (1972), stated: "Although this court in Limekiln Golf Course, Inc. v. Zoning Board of Adjustment of Horsham Township, 1 Pa. Commonwealth Ct. 499, 275 A. 2d 896 (1971), filed after the hearings in this matter, disapproved the practice of counsel serving

both an interested municipality and the Zoning Board, we did not hold that such practice is, without more, a denial of due process. In the absence of any rulings by this Board founded on the township solicitor's advice actually harmful to the appellant, we do not feel compelled to remand."

Appellant's second contention that the Board committed an error of law is similarly without merit.

In an appeal from a decision of a zoning board, where the lower court took no additional testimony, our Court is limited to a review of whether the Board clearly abused its discretion or committed an error of law *Bidwell v. Zoning Board of Adjustment,* 4 Pa. Commonwealth Ct. 327, A. 2d (1972) ; *Lower Providence Township & Wood v. Ford,* 3 Pa. Commonwealth Ct. 380, 283 A. 2d 731 (1971).

The land in question is located in an industrial use zone and uses in that district are limited by the language of section 601 of the Township's zoning ordinance, providing in part: "There shall be prohibited however, in Industrial Districts, any trade, business or industry (*sic*) that (1) Is noxious or offensive by reason of odor, dust, smoke, soot, gas, vibration or noise which escapes from the premises; (2) Involves the use of any internal combustion engine unless such engine be muffled and secured so as to eliminate offensive noise and vibration; . . . (5) The following industry, business or enterprise shall be unlawful under this Ordinance, except by permission of the Board of Adjustment: . . . Racetrack. . . ."

There was undisputed evidence presented at the hearing before the Board that as many as twelve snowmobiles competed in a single race; that the competition proceeded from a fixed point along a marked course to a fixed finishing point; that cash prizes have been awarded to the winners in some instances; and that the

competitions were advertised on radio and in newspapers and referred to therein as races. Based on this evidence, it was not unreasonable for the Board to conclude that the operation in question was prohibited as coming within the parameter of the term "racetrack". Indeed, to have concluded otherwise would have been a clear abuse of discretion.

The only other argument that appellant may wage is that the special exception by which this operation could legally proceed has been granted "by permission of the Board of Adjustment" as provided in the ordinance.[2]

In addition to containing the prohibition of racetracks, except by special exception, the ordinance provides guidance for the determination of whether the exception should issue when it prohibited any operation in Industrial districts which is offensive by reason of vibration or noise or involves unmuffled use of an internal combustion engine which results in noise and vibration. The record clearly establishes that the noise and vibration emanating from this operation did offend neighboring landowners and tenants. Some neighboring tenants actually moved because of the offensive noise. Under these circumstances, the Board was warranted in not issuing "permission" to conduct the operation.

--------

[2] Appellant's arguments on this issue proceed on the assumption that this is an application for a special exception which under normal circumstances should be allowed as a "recreational use". This argument fails to recognize that section 601 of the zoning ordinance provides prohibitory standards which the Board must utilize in arriving at its decision. This use (recreation) does not unqualifiedly fall within the special exception category under which the permit must issue absent a showing that the particular proposed use is detrimental to the health, safety and welfare of the community. The provisions of section 601 must be considered.

426

As stated in *Caldwell v. Board of Adjustment of Northampton Township*, 1 Pa. Commonwealth Ct. 222, 225, 273 A. 2d 557 (1971), "Where a zoning board of adjustment, in determining whether to issue a special exception, is guided by the standards set forth in the ordinance, and has not manifestly abused its discretion, the Commonwealth Court of Pennsylvania will sustain a lower court in affirming the Board's action."

Affirmed.

