337 A.2d 858

**Vernon and Edith HORN, Appellants,**

v.

**The TOWNSHIP OF HILLTOWN.**

Supreme Court of Pennsylvania.

Argued April 8, 1975.

Decided May 13, 1975.

John J. Lombard, Jr., Alan C. Kauffman, John P. McKelligott, Obermayer, Rebmann, Maxwell & Hippel, Charles M. Marshall, Eastburn & Gray, Doylestown, F. E. Hahn, Jr., Philadelphia, for appellants.

Francis X. Grabowski, Jaczun & Grabowski, Perkasie, for appellee.

Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

This appeal arises from an Order of the Commonwealth Court which affirmed a decision of the Zoning Hearing Board of Hilltown Township denying appellants' application for a zoning variance. We granted allocatur to consider the single issue of whether appellants were denied due process of law at the zoning board hearing.

The facts surrounding the above issue are as follows: Appellants, Vernon and Edith Horn, are the owners of a piece of property, located in Bucks County, which they purchased in 1968. On the property is located a stone quarry that had not been in operation for some time prior to appellants' acquisition. In 1959, appellee, the Township of Hilltown, passed a zoning ordinance that prohibited quarry operations in the area wherein appellants' property was located. Appellants operated the quarry and an asphalt plant on the quarry site. As a result of these operations, the township zoning officer issued a cease and desist order which appellants disregarded, and the township thereafter filed a complaint in equity, through its solicitor, seeking an injunction against appellants. After a series of hearings, the parties to this appeal agreed that the entire matter should be submitted to the Zoning Hearing Board of Hilltown Township for a decision.

The procedure followed at the zoning hearing board is the subject of this appeal. At the hearing board, the township was represented by its solicitor, Charles Wilson, who also served at the hearing as the zoning board's solicitor. Mr. Wilson conducted the meeting and ruled on evidence presented by appellants and on objections made to the township's evidence presented by Mr. Wilson, himself, when an objection was interposed by appellants. Thereafter, Mr. Wilson, as the zoning board's solicitor, advised the board in legal matters concerning appellants' case.

We granted allocatur to determine whether the above procedure was a denial of due process, absent a showing of actual harm to appellants. In our opinion there need not be a showing of harm in the instant case to sustain a finding of a denial of due process.

We have faced a similar issue in cases not factually similar to that of the instant case, and have found a denial of due process absent proof of harm. In *Gardner v. Repasky*, 434 Pa. 126, 252 A.2d 704 (1969), we stated:

"Another independent ground for reversal is the position of conflict occupied by John Repasky. Repasky was a member of the Fire Board which originally complained about appellant and a member of the Civil Service Commission which heard appellant's appeal. (He cast the deciding vote for suspension in a 2–1 Commission decision). Appellees claim that no bias in fact has been shown and that Repasky took no part in making the original complaint. This is not to the point. '. . . [A]*ny tribunal permitted by law to try cases and controversies must not only be unbiased but must avoid even the appearance of bias.' Commonwealth Coatings Corp. v. Continental Casualty*, 393 U.S. 145–[50] 89 S.Ct. 337, 21 L.Ed.2d 301 . . . (1968)." 434 Pa. at pages 129–30, 252 A.2d at pages 705–706. (Emphasis supplied.)

Moreover, in *Schlesinger Appeal*, 404 Pa. 584, 172 A. 2d 835 (1961), this court, quoting from *In re Murchison*, 349 U.S. 133, 136, 75 S.Ct. 623, 625, 99 L.Ed. 942 (1955), held:

> " 'A fair trial in a fair tribunal is a basic requirement of due process. Fairness of course requires an absence of actual bias in the trial of cases. But our system of law has always endeavored to prevent even the probability of unfairness. To this end no man can be a judge in his own case and no man is permitted to try cases where he has an interest in the outcome. . . . This Court has said . . . that "every procedure which would offer a possible temptation to the average man as a judge . . . not to hold the balance nice, clear, and true between the State and the accused, denies the latter due process of law." *Tumey v. Ohio*, 273 U.S. 510, 532, 47 S.Ct. 437, 444, 71 L.Ed. 749.' "

In the case at bar, while we are not faced with a tribunal that has allegedly denied due process to a litigant, we are presented with a governmental body charged with certain decision-making functions that must avoid the appearance of possible prejudice, be it from its members or from those who advise it or represent parties before it. In the instant case, the same solicitor represented both the zoning hearing board and the township, which was opposing appellants' application for a zoning variance. While no prejudice has been shown by this conflict of interest, it is our opinion that such a procedure is susceptible to prejudice and, therefore, must be prohibited.

Order reversed and case remanded for proceedings consistent with this opinion.