Cyrus Spencer, Appellant *v.* Hemlock Township, Columbia County, Pennsylvania, Appellee.

Submitted on briefs, February 8, 1979, to Judges ROGERS, BLATT and MACPHAIL, sitting as a panel of three.

*Anthony D. Miele,* with him *Fierro & Miele,* for appellant.

*Michael J. Irey,* with him *Kuchka & Irey,* for appellee.

OPINION BY JUDGE MACPHAIL, May 23, 1979:

Cyrus Spencer (Appellant) brings this appeal from an order of the Court of Common Pleas of the Twenty-Sixth Judicial District, Columbia County Branch, sitting in equity enjoining him from maintaining a junkyard on his property situated in Hemlock Township (Township) and ordering him to clear the land of "all junk vehicles, parts, and other equipment used in the operation of said junk yards." The equity action was instituted by the Township because the Appellant was operating a junkyard without having obtained a zoning permit authorizing such use. Appellant admitted the unlawful use but argues that the Township is estopped from proceeding in equity because of "unclean hands" and a denial of Appellant's right to due process of law.

Appellant argues that he was denied due process because the same person served as solicitor for the Township and the zoning hearing board at proceedings before the zoning hearing board. Appellant relies on the decision in *Horn v. Township of Hilltown,* 461 Pa. 745, 337 A.2d 858 (1975), where our Supreme Court held that due process was denied where the same solicitor represented the zoning hearing board and the township which actively opposed the appellant's application for a zoning variance before the board. That decision, however, is inapposite for two reasons. First, although the same solicitor represented the Board and the Township here, the Township did not oppose any of Appellant's variance applications. Appellant argues nevertheless that the Township must have opposed the variance applications if it is now pursuing an action to enjoin his operation of a junkyard. We cannot agree. Appellant is operating a junkyard in an area zoned "agricultural." Three times he applied to the Board for a variance and three times his application was denied. Despite those denials, Appellant continued to operate his junkyard in the agricultural district. Even though the Township did not oppose the variance requests, once the applications were denied and Appellant continued to operate his junkyard thereafter in violation of the Township's zoning ordinance, the Township was well within its rights in seeking to enjoin Appellant's nonconforming use. Thus, in the instant case the solicitor was certainly acting in two entirely different roles where there was no conflict in fact or in law.

Also, the decision in *Horn v. Township of Hilltown* is distinguishable on the basis of what the solicitor did in that case as opposed to what the solicitor did in the instant case. In *Horn* the same attorney was making objections to evidence offered by his opponent and then ruling on the objections, offering evidence to which his opponent objected and then ruling on the

objections, and advising the Board during the decision making process. There is nothing in the record of this case which suggests such a commingling of interest on the part of the solicitor.

Appellant next argues that the Court below erred in disallowing testimony bearing on actual notice to Appellant of his right to operate a junkyard.[1] Such testimony was properly excluded. The testimony sought to be introduced related to an earlier proceeding in which the Board denied Appellant a variance. Appellant appealed the Board's decision to the Court of Common Pleas which affirmed the Board. If Appellant still felt aggrieved, his appropriate remedy was an appeal to this Court. Having failed to take such an appeal Appellant cannot now attempt to relitigate the issue in a different context.

Order affirmed.

## ORDER

AND Now, this 23rd day of May, 1979, the order of the Court of Common Pleas of the Twenty-Sixth Judicial District, Columbia County Branch, Civil Action—Equity Division dated August 24, 1977 entered to No. 925-1975, is affirmed.

---

[1] There is some confusion over the testimony which allegedly was improperly excluded. In his brief to this Court, Appellant argues that it related to the notice provisions contained in Section 908 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.I. 805, *as amended,* 53 P.S. §10908(9). The trial court in its opinion addressed the issue as relating to proffered testimony of a township zoning officer who allegedly told Appellant he would be able to· operate the junkyard if he purchased the land in question. However, even assuming that the notice provision under the Municipalities Planning Code was mentioned in the Court of Common Pleas, Appellant is nevertheless barred from having a determination of that issue either in the Court of Common Pleas or on appeal to this Court because Appellant failed to take an appeal from the lower court's decision affirming the Board's denial of a variance.