Wayne S. Williams, Sr., Appellant *v.* Salem Township and Salem Township Zoning Hearing Board, Appellees.

Argued September 12, 1985, before Judges CRAIG and MACPHAIL, and Senior Judge BLATT, sitting as a panel of three.

*John A. Mihalik,* for appellant.

*E. Charles Coslett,* with him, *Charles R. Coslett, Coslett & Coslett Law Offices,* for appellees.

OPINION BY JUDGE MACPHAIL, November 13, 1985:

Wayne S. Williams (Appellant) here appeals from an order of the Court of Common Pleas of Luzerne County affirming a decision of the Salem Township Zoning Hearing Board (Board) that the Appellant had abandoned the use of his land as a junkyard, which use was nonconforming, and that he was not entitled to a variance to resume such use. Appellant

avers that there was insufficient evidence presented to support these findings and that the Board placed undue emphasis on some evidence while capriciously disregarding other evidence. We will affirm the trial court.

Where, as in this case, the trial court received no evidence additional to that received by the Board, our scope of review is restricted to determining whether the Board committed a manifest abuse of discretion or an error of law. *Lebovitz v. Zoning Board of Adjustment of Pittsburgh,* 87 Pa. Commonwealth Ct. 200, 486 A.2d 1061 (1985); *Smith v. Board of Zoning Appeals, City of Scranton,* 74 Pa. Commonwealth Ct. 405, 459 A.2d 1350 (1983).

### Abandonment

Section 301.4 of the Township's zoning ordinance provides:

In the event that any nonconforming use ceases for a period of one year, such nonconforming use shall not be resumed. Where no enclosed building is involved, discontinuance of a nonconforming use for a period of six months shall constitute abandonment, and any new use must be in conformity with the regulations of the district.

In *Smith,* Judge ROGERS of this Court clearly outlined the relevant law. The burden of proving abandonment is on the party so asserting. In order to prove abandonment, both actual abandonment and an intention to abandon must be shown. The effect of an ordinance such as the one we are considering here is to create a presumption of the owner or occupier's intent to abandon if the use is discontinued for the requisite period of time. If the owner or occupier then produces evidence of intent other than to abandon, and if the fact-finder believes such evidence, then

the presumption is rebutted and the burden of persuasion returns to those parties protesting the use. In any event, the presumption raised by a discontinuance provision in a zoning ordinance has only to do with the issue of intent. Actual abandonment for the period prescribed in the ordinance must be proven.

The Board's findings indicate that Appellant purchased a tract of land, consisting of approximately 2.5 acres, in October 1970. Appellant's tract is zoned "A-1." Section 205 of the Township's zoning ordinance provides in relevant part:

> *Agricultural District:* Districts designated for Agricultural 'A-1' are to be used for farming, residential and related uses until a logical demand occurs for urban-type development in general conformance to the current comprehensive plan. This district could accommodate schools, churches, parks and other municipal uses and residential lot plans under certain conditions.

Junkyards are not a permitted use. Appellant bought the land from an individual who had been operating a junkyard on the premises since before the enactment of the ordinance in question.

Frank Zwalkuski, who operates a junkyard which is located both across the road from and adjacent to Appellant's tract, testified that at the time Appellant bought the tract, there were only three or four junk cars and about two tons of tin present on the land. Zwalkuski further testified that he helped Appellant clear out the cars and that in 1970 and 1971, only a little bit of tin remained. Zwalkuski claimed that, after Appellant cleared the land, he put in a pond and it was not until October 1982 that he started a junkyard. To bolster his testimony, Zwalkuski presented an aerial photograph taken in June 1980 showing two cars and a truck on the Williams' plot. In

addition, there were several others who testified that on various dates between 1976 and 1981, no junk cars were on the property. There was also testimony from Ralph Pollock, a member of the Zoning Board of the Township, that Appellant at one point sought permission from that Board to clean up his property to permit cattle to graze, which permission was given.

Appellant presented witnesses whose testimony supported Appellant's contention that he operated a junkyard continuously from the time he bought the land until the time of the hearing. The Board, in Finding of Fact 30, expressly rejected the testimony of Appellant's witnesses on the abandonment issue. The Board concluded that Appellant abandoned the nonconforming use and that he must now conform his use of the tract to the regulations of the zoning ordinance, which do not permit junkyards.

The question of abandonment of a nonconforming use is one of fact which depends upon examination of all the various factors present in an individual case. *Miorelli v. Zoning Hearing Board of Hazleton*, 30 Pa. Commonwealth Ct. 330, 373 A.2d 1158 (1977). In the instant case, those protesting Appellant's use presented evidence that Appellant had discontinued his use for more than six months. The Board chose to accept this testimony. Appellant presented testimony that he had not discontinued the use for more than six months and that he did not intend to abandon the use. The Board rejected this testimony. This was within the Board's power and was not an abuse of discretion.

Having made those findings of fact, it was proper for the Board to conclude Appellant had abandoned his nonconforming use.[1] There was competent evi-

---

[1] This is far from the first time this Court has upheld such a conclusion based on such testimony. Judge ROGERS summarized

dence to support a finding of actual abandonment. A finding of Appellant's intent to abandon could be based either on the presumption explained above or on Appellant's requesting permission from the Zoning Board to clear his land so that he could graze cattle.[2] The Board did not abuse its discretion or commit an error of law in finding abandonment.

## Variance

The Township's zoning ordinance deals with variances at Sections 509-509.5. The ordinance incorporates the provisions of Section 912 of the Pennsylvania Municipalities Planning Code.[3] This section is simply a codification of prior case law. *Campbell v. Zoning Hearing Board of Plymouth Township,* 10 Pa. Commonwealth Ct. 251, 310 A.2d 444 (1973).

A variance should be granted in exceptional cases only and, therefore, the landowner's burden of proof is heavy. *Llewellyn's Mobile Home Court v. Springfield Township Zoning Hearing Board,* 86 Pa. Commonwealth Ct. 567, 485 A.2d 883 (1984). In order to establish entitlement to a zoning variance, the landowner must show that the ordinance imposes un-

---

*Marchese v. Norristown Borough Zoning Board of Adjustment,* 2 Pa. Commonwealth Ct. 84, 277 A.2d 176 (1971) in *Smith:*

In Marchese, involving a nonconforming garage use and a one-year maximum period of discontinuance created by ordinance, neighbor protestants testified 'that inactivity continued to reign over the garage' between 1964 and 1968. This testimony was credited by the board of adjustment and the landowner's contrary testimony was disbelieved and we held that the intent to abandon was to be presumed from the expiration of the period and, therefore, that the board properly found legal abandonment to have occurred. *Smith* at 409-10, n.3, 459 A.2d at 1353, n.3.

[2] The intent to abandon can be shown by oral statements evincing an intent to abandon a use. *West Mifflin v. Zoning Hearing Board,* 3 Pa. Commonwealth Ct. 485, 284 A.2d 320 (1971).

[3] Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10912.

necessary hardship on the property, that the hardship stems from the unique physical characteristics of the property, and that the variance would not adversely impact on the health, safety, or welfare of the general public. *Rennerdale Volunteer Fire Department v. Zoning Hearing Board of Collier Township,* 90 Pa. Commonwealth Ct. 635, 496 A.2d 431 (1985). Economic hardship alone is not sufficient to satisfy the standard of unnecessary hardship necessary to establish a landowner's entitlement to a zoning variance. *Id.* In order to be entitled to a variance the landowner's land must be rendered virtually unusable and of scant value by the zoning ordinance. *Valley View Civic Association v. Zoning Board of Adjustment,* 501 Pa. 550, 462 A.2d 637 (1983).

Charles Anthony, a licensed real estate broker and appraiser, testified that the area around the pond on the subject tract is marshy and that only half an acre of the 2.5 acre parcel is usable for any purpose. Anthony asserts that the best use for the property is as a junkyard. On the other hand, Harry Kishbaugh, the owner of an adjacent parcel, testified that he was concerned about antifreeze and oil polluting a stream that runs through the area. He also claimed that Appellant's junkyard is depreciating the value of his property. Bruce Thomas, a Supervisor of Salem Township, testified that in 1979 and 1980 he observed cattle grazing on the land. Harry L. Jumper, Zoning Officer of the Township, testified that he saw cattle grazing for a couple of years prior to the summer of 1981.

We have noted that Appellant has a heavy burden of proof to show that this ordinance imposes unnecessary hardship on the property. We find that the Board was correct in finding he did not meet that burden.

It may be true that the junkyard surrounding Appellant's parcel has diminished the value of it; but, it has not rendered it virtually unusable or of scant value. There was testimony that Appellant has used the parcel to graze cattle, a use consistent with the ordinance. There was also testimony that Appellant lives on the parcel in a two-story house located there. Obviously, Appellant can use his parcel as a residence and for farming, just as his similarly situated neighbor Harry Kishbaugh uses his property. Further, Appellant did not show that the variance would not adversely impact on the health, safety, or welfare of the general public. Kishbaugh understandably expressed concern about antifreeze and oil runoff. Appellant failed to prove Kishbaugh's concern was unfounded.

The Board correctly applied the law to the facts in reaching the conclusion that Appellant is not entitled to a variance.

### Due Process

In addition to his objections on the merits of the case, Appellant alleges that he was denied due process of law in that the attorney for the Township, who previously had prosecuted the Appellant criminally on behalf of the Township concerning his junkyard, represented the Board at the hearing. According to Appellant, he performed an adversarial role adverse to Appellant in this proceeding, thus denying Appellant an impartial hearing.

Appellant relies on *Horn v. Township of Hilltown,* 461 Pa. 745, 337 A.2d 858 (1975). In *Horn,* our Supreme Court found that it was a denial of due process for the same solicitor to represent both the zoning hearing board and the township at a zoning board hearing where the township was opposed to an application for a zoning variance. The Supreme Court

came to that conclusion even though there was no showing of prejudice to the property owners.

We find the *Horn* case to be inapposite to the instant case; rather we believe *Spencer v. Hemlock Township,* 43 Pa. Commonwealth Ct. 36, 402 A.2d 1087 (1979) controls. In *Spencer,* we found that *Horn* did not apply for three reasons. First, the township involved in *Spencer,* as the township here, did not oppose the applicant at the hearing.

Secondly, in *Spencer* we held that because the solicitor was acting in two entirely different roles, there was no conflict of interest. In the instant case, any attempt by the Township to prosecute Appellant criminally prior to the hearing was a separate and distinct matter. The attorney involved was acting in a different role there than he was in this proceeding.[4]

Finally, we distinguished *Spencer* from *Horn* because

> [i]n Horn the same attorney was making objections to evidence offered by his opponent and then ruling on the objections, offering evidence to which his opponent objected and then ruling on the objections, and advising the Board during the decision making process.

*Spencer* at 38-9, 402 A.2d at 1088. In the instant case, our examination of the record reveals that the attorney did not perform an adversarial role; rather, he performed his proper role of advising the Board. Appellant was not denied due process.

---

[4] In *Ironstone Corporation v. Zoning Hearing Board,* 5 Pa. Commonwealth Ct. 420, 291 A.2d 310 (1972), we held that the fact that a solicitor had acted first for the township in its action to move the landowner to obtain a permit to conduct snowmobile races and subsequently served as solicitor for the zoning hearing board on the landowner's application for a special exception did not deny the landowner an impartial hearing.

Having discussed all of Appellant's objections and finding them lacking in merit, we affirm the decision of the Board and of the trial court.

ORDER

The order of the Court of Common Pleas of Luzerne County, No. 2123-C of 1984, denying and dismissing the appeal of Wayne S. Williams, Sr., is affirmed.