530 A.2d 1029

Ernesto Cortes, Appellant v. Western Montgomery County Vocational-Technical School, Appellee.

Argued April 23, 1987, before Judges COLINS and PALLADINO, and Senior Judge NARICK, sitting as a panel of three.

*Lawrence Sager, Sager & Sager,* for appellant.

*C. Stephens Vondercrone, Jr., Pearlstine-Salkin Associates,* for appellee.

OPINION BY JUDGE PALLADINO, September 9, 1987:

Ernesto Cortes (Appellant) appeals an order of the Court of Common Pleas of Montgomery County (trial court) which affirmed the adjudication of the Joint Committee of the Western Montgomery County Vocational-Technical School (Joint Committee), terminating Appellant's employment. For the reasons which follow, we affirm.

Appellant was employed as a custodian by the Western Montgomery Vocational-Technical School (School). On January 17, 1985, Appellant was suspended without pay for assaulting his supervisor. By letter dated January 31, 1985, Appellant received notice that the Joint Committee was considering him for termination and that he had a right to a hearing on the matter.[1]

In the interim, Appellant had filed an unemployment compensation claim, which came on for a hearing on February 4, 1985. The School opposed the claim and was represented at the hearing by Wendy Goldenberg,

---

[1] We note that the Public School Code of 1949 (School Code), Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §§1-101 to 16-1613, does not require that Appellant receive a hearing. The hearing provided in Section 1127 of the School Code, 24 P.S. §11-127, is available only to professional employees. By definition, a custodian is not a professional employee. *See* Section 1101(1) of the School Code, 24 P.S. §11-1101(1).

Esquire. Wendy Goldenberg is a member of the law firm of Pearlstine, Salkin, Hardiman and Robinson.

The Joint Committee held Appellant's termination hearing on March 4, 1985. The School was represented by Bruce Goldenberg, Esquire, a sole-practitioner. Bruce Goldenberg is the brother of Wendy Goldenberg. Frederick C. Horn, Esquire, of Pearlstine, Salkin, Hardiman and Robinson, served as legal counsel to the Joint Committee. On April 17, 1985, the Joint Committee issued an order and opinion finding that Appellant assaulted his supervisor and terminating his employment.

Thereafter, Appellant appealed to the trial court. By order dated October 1, 1985, the trial court affirmed the order of the Joint Committee, concluding that there were no errors of law or violation of constitutional rights.

On appeal to this court, Appellant raises only one issue for our consideration: whether he was denied a fair and impartial hearing and, thus, his due process rights, by the impermissible commingling of the prosecutorial and adjudicatory functions or the appearance thereof. Appellant asserts that the fact that members of the law firm of Pearlstine, Salkin, Hardiman and Robinson have appeared in the prosecutorial and adjudicative roles in different proceedings arising out of the same fact pattern creates an impermissible commingling of the prosecutorial and adjudicative functions. Further, Appellant asserts that the prosecution of the termination hearing by Bruce Goldenberg, Esquire, brother of Wendy Goldenberg, Esquire, creates at least the appearance of an impermissible commingling.

An impermissible commingling occurs when one attorney both represents a party and serves in an adjudicatory role in the same proceeding. Thus, for example, an attorney may not represent the Township before the

zoning hearing board while acting as the zoning hearing board's solicitor. *Horn v. Township of Hilltop*, 461 Pa. 745, 337 A.2d 858 (1975). Nor is it permissible for two different attorneys from the same law firm to act as prosecutor and adjudicator. *Sultanik v. Board of Supervisors of Worcester Township*, 88 Pa. Commonwealth Ct. 214, 488 A.2d 1197 (1985).

After a careful review of the caselaw on this subject, we perceive no violation of constitutional rights. There is clearly no commingling of the prosecutorial and adjudicatory functions in the proceeding before the Joint Committee. The mere fact that Bruce Goldenberg is related to a member of Mr. Horn's firm is not sufficient to constitute even the appearance of commingling.

Further, the fact that Wendy Goldenberg appeared on behalf of the School in a *defense* posture in wholly unrelated proceedings arising out of the underlying facts does not establish an impermissible commingling.

Accordingly, we affirm.

### ORDER

AND NOW, September 9, 1987, the order of the Court of Common Pleas of Montgomery County in the above-captioned matter is affirmed.