598 A.2d 633

**John L. BALL, Sr., Appellant,**

v.

**MONTGOMERY TOWNSHIP BOARD OF SUPERVISORS, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Sept. 9, 1991.

Decided Oct. 21, 1991.

144

John R. Landis, for appellant.

William R. Cooper, for appellee.

Before PALLADINO and SMITH, JJ., and BARRY, Senior Judge.

PALLADINO, Judge.

John L. Ball, Sr. (Landowner) appeals an order of the Court of Common Pleas of Montgomery County (trial court) which affirmed an adjudication of the Board of Supervisors of Montgomery Township (Supervisors) rejecting Landowner's proposed land development plan (plan).

The property is a 11,435.5 square foot lot in a commercial zone on which Landowner proposed to build a tune-up shop. The property did not meet certain Montgomery Township Zoning Ordinance (zoning ordinance) requirements and Landowner applied to the Montgomery Township Zoning Hearing Board (zoning board) for a special exception and variances. After hearings, the special exception and the variances were granted with the provision that 22 conditions be met. Landowner appealed to the trial court and subsequently entered into a stipulation of settlement (stipulation) which was approved by the trial court. The stipulation clarified three of the conditions, addressed the issue of landscaping, and stated that all other conditions and re-

quirements of the zoning board's decision were confirmed and ratified.

Landowner then submitted a land development plan to the Supervisors, as required by the Montgomery Township Subdivision Ordinance (subdivision ordinance). After review, the Supervisors notified Landowner that the plan was deficient in numerous respects and gave him an opportunity to submit an amended plan. Two ninety-day extensions of the deadline for filing an amended plan were granted, and after the final deadline had passed, the Supervisors notified Landowner that the plan was rejected.

Landowner appealed the Supervisors' adjudication to the trial court, which affirmed. On appeal, Landowner raises the following issues: (1) whether Landowner was required to submit a plan to the Supervisors under the subdivision ordinance, or whether that ordinance was inapplicable to Landowner's single lot, single building plan, at the time that Landowner sought approval to build, (2) whether the Supervisors' adjudication is rendered invalid because a conflict of interest arose from the fact that the same solicitor represented both the zoning board and the Supervisors; (3) whether the Supervisors' denial of the plan constituted a de facto taking of Landowner's property without just compensation; (4) whether the Supervisors abused their discretion by not granting conditional approval of Landowner's plan; and (5) whether the trial court should have approved the plan on the ground that the plan was reasonable under the circumstances.

■ As to the first issue, Landowner argues that the land development requirements set forth in the subdivision ordinance were inapplicable to his property because the definition of land development set forth in subsection 3(C) of the subdivision ordinance was broader than the definition . of land development in the Pennsylvania Municipalities Planning Code (MPC).[1] Under the MPC, the township receives its authority to regulate subdivision. The MPC defi-

1. Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §§ 10101–11201.

nition of land development excludes single lot, single building plans, but the definition in the township subdivision ordinance includes single lots with a single building in certain circumstances, including automobile service stations. Landowner argues that the township exceeded its authority by enacting such a provision. Review of the record reveals that this issue was not raised below. To the contrary, Landowner's brief before the trial court makes the following statement which acknowledges the application of the subdivision ordinance to his property:

> Even though the applicant proposed only one building on one lot, a land development plan was required because the proposed use was commercial.

Landowner's Brief to the trial court at 4. Therefore, we conclude that Landowner's first issue has been waived, pursuant to Pa.R.A.P. No. 302, because it was not raised before the trial court.

Landowner next argues that the plan should be deemed approved because of a conflict of interest which arose when the zoning board and the Supervisors were represented by the same solicitor. Landowner relies on *Horn v. Township of Hilltown*, 461 Pa. 745, 337 A.2d 858 (1975), in which the supreme court held that it was a denial of due process for the same solicitor to represent both the zoning hearing board and the township in a single proceeding (a zoning board hearing) where the township was a party appearing before the zoning board in opposition to an application for a variance. The solicitor in *Horn* both made objections on behalf of the township as a party and advised the board in ruling on those objections.

■ *Horn* can be distinguished on its facts from the present case. Here, the same solicitor represented both the zoning board and the Supervisors, but in two separate proceedings. In the first proceeding, before the zoning hearing board, the township (i.e. the Supervisors) did not oppose Landowner's request for a variance, and therefore was not involved in the hearing. In the second proceeding,

before the Supervisors, the same solicitor advised the Supervisors.

The facts in the present case more closely parallel the facts in *Spencer v. Hemlock Township,* 43 Pa.Commonwealth Ct. 36, 402 A.2d 1087 (1979), in which this court held that *Horn* was inapplicable. In *Spencer,* a solicitor represented the zoning hearing board before which a landowner appeared seeking a variance to operate a junkyard on his property. The township did not oppose the landowner at the hearing before the zoning hearing board. Later, the same solicitor represented the township when it instituted an equity action in the court of common pleas to enjoin the landowner from operating the junkyard on his property. Although the two proceedings involved the same property and the same proposed use of that property, as do the two proceedings in this case, this court held that there was no denial of due process because (1) the township had not been involved in the hearing before the zoning hearing board, (2) the solicitor was acting in two entirely different roles in the two proceedings, and (3) there was no evidence of commingling of interest in the *Spencer* case as there was in *Horn,* i.e. a single solicitor making objections as an advocate for a party and then as an advisor to the board ruling upon those objections.

In the present case, as in *Spencer,* the township was not a party before the zoning board, and two separate proceedings took place. However, unlike *Spencer,* the role of the solicitor in the two proceedings in the present case was as an advisor to the adjudicating body in both proceedings. He was not an advocate in either situation. Thus, the potential for a conflict of interest does not arise, as it did in *Spencer,* where the solicitor first acted as an advisor and then as an advocate for a party.

As to the third factor set forth in *Spencer,* Landowner points to instances in the record before the zoning board where the solicitor participated in the proceeding and counseled the zoning board against granting the variances and special exception without condition. The record reveals

that the solicitor's comments consisted of advice to the zoning board which was proper under the circumstances. Because the township did not oppose Landowner's application to the zoning board, the solicitor did not act in both an advisory and an adversarial role in that proceeding.

■ Landowner's last three arguments relate to specific zoning ordinance and subdivision ordinance requirements with which Landowner's plan did not comply and to which the Supervisors cited as their reasons for rejecting the plan. The first of these arguments relates to the Supervisors' denial of the plan because it failed to show the ultimate right of way of the Department of Transportation along the state route which borders the property. The subdivision ordinance requires that this line appear on the plan. Landowner argues that this requirement constitutes a de facto taking of his property without just compensation, because if he were to be required to measure the setbacks for his property from the ultimate right of way, it would be impossible to build on the lot. Landowner argues further that the setbacks for his proposed building had already been approved by the zoning board and were part of the stipulation. Review of the stipulation reveals that the zoning board had approved the setbacks proposed by Landowner and had granted him a variance. In light of this fact, Landowner's argument that the Supervisors' imposition of this requirement constitutes a taking is without merit. Requiring Landowner to draw a line on a plan cannot amount to a taking when the zoning board has already granted a variance to Landowner.

Landowner next argues that the Supervisors abused their discretion by not granting conditional approval of his plan. In his abuse of discretion argument, Landowner attacks sixteen of the seventeen findings of the Supervisors regarding what the Supervisors referred to as deficiencies in the plan, i.e., subdivision ordinance and zoning ordinance requirements with which Landowner's plan did not comply. Landowner makes several different arguments with respect to the requirements which the Supervisors found were not

satisfied. Landowner argues that some of the requirements had been previously resolved by the zoning board and that others were de minimis and therefore were not grounds for rejecting the plan. He argues further that, as to some of the requirements, the Supervisors demanded too much detail at the plan stage. Additionally, Landowner contends that, as to another requirement, no such language exists in either the zoning ordinance or the subdivision ordinance to support that requirement. As to another requirement, he argues that the Supervisors misconstrued a section of the ordinance and mistakenly applied it to Landowner's property.

These arguments do not take into consideration this court's scope of review. This court may conclude that the Supervisors abused their discretion only if their findings are not supported by substantial evidence. *Valley View Civic Association v. Zoning Hearing Board of Adjustment,* 501 Pa. 550, 462 A.2d 637 (1983).[2] Although Landowner frames these arguments in terms of abuse of discretion, which means a lack of substantial evidence to support the findings, he is actually asking this court to consider evidence which he failed to present to the Supervisors, despite ample opportunity to do so.

The record before the Supervisors consists only of the plan, correspondence between the Supervisors and Landowner, a copy of the stipulation, and a copy of the zoning board's decision. The stipulation, together with the zoning board's decision set forth the twenty-two conditions which Landowner had agreed to satisfy. The stipulation refers to the record before the zoning board for details as to the building, operation and maintenance of the tune-up shop.

Less than a month after the plan was submitted to the Supervisors, the Supervisors sent Landowner a letter informing Landowner of numerous requirements which his plan did not meet and gave Landowner the option of amend-

2. The scope of review of the action of a municipal governing body in a subdivision case is the same as that in a zoning case. 1 R. Ryan, Pennsylvania Zoning Law and Practice, § 11.3.6, at 46 (1990).

ing his plan or of requesting waivers from various requirements. The Supervisors also noted that some of the requirements may have been "taken care of through the zoning appeal that [Landowner] filed." Landowner did not amend his plan, request waivers from any of the requirements or inform the Supervisors of requirements from which he had been exempted as a result of the zoning board's hearing and the resulting stipulation. After two ninety-day extensions of time had been granted and the deadline for the second extension had passed, the Supervisors rejected Landowner's plan and cited the same problems with the plan as were set forth in the Supervisors' earlier letter to Landowner.

■ As the party seeking approval of the plan, Landowner had the burden of proving that he was entitled to such approval. In this case, Landowner was given the opportunity to present evidence as to why the requirements cited by the Supervisors did not apply to him. Landowner failed to do this. His argument that the findings of the Supervisors exhibit an abuse of discretion is misplaced, and does not remedy his failure to carry his burden of proof.

■ Landowner's final argument is that the trial court should have approved the plan on the ground that the plan was reasonable under the circumstances. Landowner argues that section 1006–A of the MPC, 53 P.S. § 11006–A, authorizes the trial court to set aside the Supervisors' adjudication, and approve the plan based on a preliminary plan submitted by Landowner. Landowner ignores the language of that section which states that the trial court may take the aforementioned action only if the court determines that the adjudication which has been brought up for review unlawfully prevents or restricts a development or use. No such determination was made by the trial court. Therefore, the trial court did not err in refusing to approve the plan.

For the reasons set forth above, we affirm.

## ORDER

AND NOW, October 21, 1991, the order of the Court of Common Pleas of Montgomery County in the above-captioned matter is affirmed.