**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1453
_____

EAST OHIO CAPITAL LLC,
Appellant

v.

CITY OF PITTSURGH ZONING BOARD OF ADJUSTMENT; LASHAWN M.
BURTON FAULK, individually

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2:23-cv-00681)
District Judge: Honorable J. Nicholas Ranjan
_____

Submitted Under Third Circuit L.A.R. 34.1(a) on November 1, 2024

Before: CHAGARES, *Chief Judge* and PORTER, and CHUNG, *Circuit Judges*.

(Filed: August 15, 2025)

_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**PORTER**, *Circuit Judge.*

East Ohio Capital, LLC ("East Ohio") sued Pittsburgh's Zoning Board of Adjustment ("ZBA") and one of its members after Pennsylvania's Supreme Court ruled that a conflicted zoning board member's failure to recuse herself from decision making violated due process. The District Court dismissed East Ohio's suit as untimely. Although we disagree with the District Court's determination that East Ohio's suit was untimely, we nevertheless will affirm the District Court's dismissal on the merits.

I

East Ohio and Northside Leadership Conference ("NLC") undertook a development project in Pittsburgh's Northside neighborhood. On August 23, 2018, the ZBA granted East Ohio and NLC necessary zoning variances over the objections of two Northside residents. But there was a problem. At the time of the ZBA's decision, Lashawn Burton-Faulk was both a partner at NLC and a member of the ZBA. She did not recuse herself from the ZBA's decision making process.

Two objecting Northside residents challenged the variances in Pennsylvania state court. The Allegheny County Court of Common Pleas and the Commonwealth Court of Pennsylvania upheld the variances, but the Pennsylvania Supreme Court reversed. In a decision dated September 22, 2021, it held that Burton-Faulk's conflicted status violated "well-settled due process principles" and remanded the matter "for a new hearing on [NLC's] zoning applications before a newly constituted panel of the ZBA." *Pascal v. City of Pittsburgh Zoning Bd. of Adjustment*, 259 A.3d 375, 385 (Pa. 2021).

The ZBA did not hold a new hearing for almost two years. East Ohio alleges that while it waited, it suffered various forms of economic injuries. On April 25, 2023—at which point the ZBA had still not held a new hearing on the variances—East Ohio brought this Section 1983 suit against the ZBA and Burton-Faulk. In July of 2023, the ZBA held a new hearing without Burton-Faulk, and it reapproved the variances on August 10, 2023. Even with the variances, East Ohio has pursued this action against the ZBA and Burton-Faulk. The District Court held that East Ohio's action was barred by the applicable statute of limitations. East Ohio appealed.[1]

## II

We review a "District Court's decision on a motion to dismiss de novo." *McTernan v. City of York*, 577 F.3d 521, 526 (3d Cir. 2009). At the motion to dismiss stage, "all well-pleaded allegations of the complaint must be taken as true and interpreted in the light most favorable to the plaintiffs, and all inferences must be drawn in favor of them." *Id.* (quoting *Schrob v. Catterson*, 948 F.2d 1402, 1408 (3d Cir. 1991)).

## III

### A

"The length of the statute of limitations for a § 1983 claim is governed by the personal injury tort law of the state where the cause of action arose." *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). Because Pennsylvania's statute of limitations for personal

---

[1] The District Court had subject matter jurisdiction under 28 U.S.C. § 1331 and we have jurisdiction over its final judgment under 28 U.S.C. § 1291.

injury claims is two years, East Ohio had two years to file suit from the time its cause of action accrued. *See* 42 Pa. Cons. Stat. § 5524.

"Under federal law, a cause of action accrues, and the statute of limitations begins to run 'when the plaintiff knew or should have known of the injury upon which its action is based.'" *Kach*, 589 F.3d at 634 (quoting *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1988)). That makes sense because to state a Section 1983 claim, a plaintiff "must prove not only that [his rights were violated], but that [the complained of conduct] caused him actual, compensable injury." *Heck v. Humphrey*, 512 U.S. 477, 487 n.7 (1994).

The issue on appeal is when East Ohio's cause of action accrued, which depends on when it was aware of its alleged injury. East Ohio argues that the statute of limitations started on September 22, 2021, when the Pennsylvania Supreme Court vacated the variances. The ZBA and Burton-Faulk counter that the statute of limitations began to run on May 17, 2018, when, they submit, East Ohio "knew or should have known about the conflict of interest." Appellee's Br. at 9.

We conclude that East Ohio's cause of action did not accrue until it "knew or should have known" about the various economic harms it claims to have suffered on account of the variances being voided. *Kach*, 589 F.3d at 634 (quoting *Sameric Corp*, 142 F.3d at 599). Because the earliest that East Ohio could have known about those alleged injuries was the date of the Pennsylvania Supreme Court's adverse ruling on September 22, 2021, its suit was timely.

East Ohio correctly notes that not until the Pennsylvania Supreme Court voided the variances would it have actually suffered the injury that it alleges—various economic harms caused by the delay. Both the Pennsylvania state trial court and intermediate appellate court had sustained the variances, so East Ohio had yet to suffer the alleged injury that has furnished the basis of its suit.

The District Court's conclusion that "the 'harm' here occurred when East Ohio and its partner, NLC, obtained variances that were tainted by the conflict of interest," impermissibly rewrites East Ohio's allegations of its own injury. App. 7. Admittedly, East Ohio has not been entirely clear as to whether it was directly injured by the violation of its due process rights or whether it was injured by the delay caused by said violation. As best we can tell, East Ohio's theory is that the ZBA and Burton-Faulk violated its due process rights, but it was not actually injured until the state Supreme Court's ruling voided the original variances causing various economic harms. Interpreting its allegations in a light most favorable to the non-moving party, as we must at the motion to dismiss stage, it was wrong for the District Court to characterize East Ohio's alleged injury to be the violation of its due process rights in the summer of 2018.

B

Although we agree with East Ohio that the District Court erred in dismissing its suit as untimely, we will affirm the District Court's dismissal of East Ohio's suit on the merits. *See Murray v. Bledsoe*, 650 F.3d 246, 247 (3d Cir. 2011) ("We . . . may affirm the District Court's judgment on any basis supported by the record"). In *Pascal*, the Pennsylvania Supreme Court held that Burton-Faulk's participation in the hearing and

5

decision to grant zoning variances requested by East Ohio and NLC constituted a conflict of interest that violated the due process rights of the objecting residents. *Pascal*, 259 A.3d at 385. Quoting language originally from the United States Supreme Court's opinion in *Tumey v. Ohio*, the *Pascal* Court explained that "every procedure which would offer a possible temptation to the average man as a judge . . . not to hold the balance nice, clear, and true between the State and the accused, denies the latter due process of law." 259 A.3d at 383 (quoting *Horn v. Twp. of Hilltown*, 337 A.2d 858, 860 (Pa. 1975) (omission in original)). While "the latter" in the quoted material, refers to "the accused," the same principle applies to parties in non-criminal contexts. *Id*; *see also Londoner v. City of Denver*, 210 U.S. 373, 385–86 (1908).

But in this dispute, East Ohio was never unconstitutionally subjected to a "procedure which would offer a possible temptation . . . not hold the balance, nice, clear, and true between the State and [it]." *Tumey v. Ohio*, 273 U.S. 510, 532 (1927). Burton-Faulk's conflict of interest did not visit a due process violation upon East Ohio because East Ohio was never deprived of the constitutionally mandated opportunity of "a fair trial in a fair tribunal." *Pascal*, 259 A.3d at 338 (quoting *Horn*, 337 A.2d at 860). Because East Ohio was not subjected to a fundamentally unfair process contrary to the principle that "no man can be a judge in his own case and no man is permitted to try cases where he has an interest in the outcome," it is without a cognizable due process claim. *Id.* (quoting *Horn*, 337 A.2d at 860).

\* \* \*

For the reasons stated above, we will affirm.

6