In Re: Appeal of Robert M. Feldman. Robert M. Feldman, Appellant.

Argued September 26, 1978, before President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Rogers, Blatt, DiSalle and MacPhail. Judges Mencer and Craig did not participate.

*Jay M. Goldstein,* for appellant.

*Joseph A. Damico, Jr.,* for appellee.

Opinion by Judge Blatt, November 30, 1978:

Robert M. Feldman (appellant) received two unsatisfactory ratings and was dismissed from his employment as a temporary professional employee after a hearing before the Board of School Directors of the

Rose Tree Media School District (Board). He appealed his dismissal to the Court of Common Pleas of Delaware County, which affirmed the Board's adjudication; and he then appealed to this Court, which reversed and remanded without reaching the merits.[1] The Board then filed a petition for allowance of appeal in the Supreme Court, which was denied but later granted on reconsideration. That Court then remanded the case to us for consideration in light of its decision in *Pennsylvania Human Relations Commission v. Feeser,* 469 Pa. 173, 364 A.2d 1324 (1976), which was not available when this case was previously before us.

Two issues are presented: (1) whether or not the petitioner was denied due process when the attorney who prosecuted the case before the Board also served as the Board's solicitor; and (2) whether or not the appellant's unsatisfactory ratings were made by an administrator empowered to make such determinations under the Public School Code.

Our study of the *Feeser* case convinces us that the appellant was not denied due process. In *Feeser,* the Supreme Court clarified its opinion in *Horn v. Township of Hilltown,* 461 Pa. 745, 337 A.2d 858 (1975), which held that a procedure by which the same attorney represented both a zoning hearing board and a township opposing an application was susceptible to prejudice, and therefore improper:

---

[1] *In Re: Appeal of Feldman,* 21 Pa. Commonwealth Ct. 451, 346 A.2d 895 (1975). We reversed and remanded for consideration in light of *Horn v. Township of Hilltown,* 461 Pa. 745, 337 A.2d 858 (1975), which we interpreted as mandating "that governmental bodies charged with decision making functions avoid the 'appearance of possible prejudice.'" 21 Pa. Commonwealth Ct. at 453, 346 A.2d at 896. It now seems that the "appearance of possible prejudice" test is limited to the commingling of prosecutorial and judicial functions *during* the hearing or decision-making process.

In Horn the attorney involved was: (1) making objections to the evidence offered by his opponent, and then ruling on his own objections; (2) offering evidence to which his opponent objected and then ruling on the objection to his proffered evidence; and (3) advising the hearing panel concerning the law during the post-hearing process of deciding the merits of his opponent's case.

469 Pa. at 186, 364 A.2d at 1331.

By contrast, in *Feeser*, the solicitor for the Pennsylvania Human Relations Commission prosecuted the case against the Feesers and argued the merits of motions before the Commission, and the Court found no impropriety in "[t]he limited, purely adversary role of PHRC's general counsel in [that] case. . . ." 469 Pa. at 185, 364 A.2d at 1330. In the case at hand, the attorney who prosecuted the case before the Board also served as its solicitor, but the record demonstrates that he acted in a purely adversary capacity and did not conduct the hearing, make legal rulings, or advise the Board during the course of the proceeding. *See Smith v. Richland School District*, 36 Pa. Commonwealth Ct. 150, 387 A.2d 974 (1978).

The appellant alleges, however, that the attorney not only prosecuted the case but also prepared the Board's adjudication. This, the appellant argues, constitutes an impermissible commingling of judicial and prosecutorial functions. The Board, on the other hand, contends that only after it had decided to dismiss the appellant, without consulting the attorney in any way, did it direct him to prepare an adjudication that would comply with the Local Agency Law.[2] We think that the applicable rule which governs here is found in *State Dental Council and Examining Board*

---

[2] Act of December 2, 1968, P.L. 1133, 53 P.S. §11301 et seq.

*v. Pollock,* 457 Pa. 264, 318 A.2d 910 (1974), in which our Supreme Court rejected a challenge similar to the appellant's:

> As to appellant's objection to the role of the Assistant Attorney General in drafting the Board's order, we note that such assistance came after the Board had reached its decision and the assistant in no way participated in or influenced the decision. . . . While it would be a better practice to have a review of adjudications conducted by an individual who did not participate in the prosecutorial role, we can find no prejudice here where the Board reached its decision independent of and prior to any assistance from the representative of the Department of Justice.

457 Pa. at 272-73, 318 A.2d at 915.

We conclude therefore that it was not a denial of due process when the prosecuting attorney here, who had not participated in the actual decision-making process,[3] drafted an adjudication for the Board that would comply with the applicable law.[4]

As to the propriety of the procedure whereby the appellant's performance as a teacher was rated unsatisfactory, we note that the rating of public school

---

[3] In his brief the appellant questions whether the solicitor participated in the decision-making process. However, in its "Answer to Appeal" in the Common Pleas Court, the Board, under the affidavit of its secretary, stated that the decision was made "without any consultation whatsoever with [the school district's solicitor]." Moreover, the court below specifically found that the attorney did not participate in the decision reached by the Board.

[4] We believe that this result is also consistent with *Feeser,* where the Supreme Court said, "We find no evidence in the record to support the contention that PHRC's general counsel advised the hearing panel at the hearing *or in the decisional process.*" 469 Pa. at 180, 364 A.2d at 1327 (emphasis added).

teachers is regulated by Section 1123 of the Public School Code of 1949,[5] 24 P.S. §11-1123, which provides in part as follows:

> Rating shall be done by or under the supervision of the superintendent of schools or, if so directed by him, the same may be done by an assistant superintendent, a supervisor, or a principal, who has supervision over the work of the professional employe or temporary professional employe who is being rated. . . .

Here the appellant asserts that, although the unsatisfactory ratings which resulted in his dismissal were signed by a principal, the classroom observations on which those ratings were based were made by persons not within the above statutory description. He argues, therefore, that he was in fact rated by unauthorized persons. This issue was raised in *Clark v. Colonial School District*, 36 Pa. Commonwealth Ct. 419, 387 A.2d 1027 (1978), and we there concluded that there was "nothing in the statute prohibiting a person named therein as one authorized to *rate* a teacher, to base his rating on the observations of other qualified observers." 36 Pa. Commonwealth Ct. at 424, 387 A.2d at 1030 (emphasis in original). The qualified observers here included the Assistant Principal for Instruction, the Chairman of the Social Studies Department, and the Dean of the Eleventh Grade, as well as the Principal himself on at least one occasion. Moreover, the record indicates that the appellant's performance was the subject of extensive discussion by the observers with the Principal who did the rating.

We affirm the order of the Court of Common Pleas.

---

[5] Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §1-101 et seq.

## ORDER

AND Now, this 30th day of November, 1978, the order of the Court of Common Pleas of Delaware County in the above-captioned matter is hereby affirmed.

---

DISSENTING OPINION BY JUDGE ROGERS:

I respectfully dissent. My reading of *Pennsylvania Human Relations Commission v. Feeser*, 469 Pa. 173, 364 A.2d 1324 (1976), convinces me that the Supreme Court differed with this Court in that matter not on principles of law but as to what the record was. This Court believed that the record established that the Pennsylvania Human Relations Commission's lawyer had represented before the Commission both complainants and the Commission itself to the prejudice of respondent land developers charged with discrimination against the complainants. The Supreme Court decided that the record established that the Commission's lawyer played only the limited adversary role of representing the complainants and that he had not simultaneously represented or advised the Commission.

The matter before us is quite different. Robert M. Feldman, a temporary professional employee of the School District, had been notified by his School Board that it would dismiss him for unsatisfactory ratings. He requested the hearing provided by the Local Agency Law, Act of Dec. 2, 1968, P.L. 1133, 53 P.S. §11301 et seq. At the School Board meeting convened to hear Mr. Feldman's case, the School Board's solicitor presented the case supporting Mr. Feldman's dismissal. The School Board's decision against Mr. Feldman was prepared by the School District's lawyer, howbeit, assertedly after the School Board had made its decision. There were thus only two parties to the proceeding,

Mr. Feldman and the Board. In my view, this procedure had clearer appearances of prejudice than those in *Horn v. Township of Hilltown,* 461 Pa. 745, 337 A.2d 858 (1975), where the Supreme Court condemned the participation of a Township's solicitor in behalf of the Township in proceedings before the Township Zoning Hearing Board. In *Horn, supra,* at least the decision was made by the Zoning Hearing Board, a body different from the Township governing body. Here the School Board proposed the dismissal, its lawyer presented the case in favor of dismissal and the School Board decided the case.

Nor are the present circumstances like those in *Pennsylvania Human Relations Commission v. Feeser, supra.* There, as we have noted, the Commission's lawyer represented individual complainants charging discrimination by land developers before the Commission. There are no parties in the proceedings before us corresponding to the complainants and the land developer in *Feeser, supra*; and the School Board's position here—that of deciding whether its own proposal to dismiss Mr. Feldman was correct—is quite different from that of the Human Relations Commission in *Feeser*—that of deciding whether the complainants had been discriminated against, as they charged, or whether the land developers were blameless, as they contended.

Finally, *State Dental Council and Examining Board v. Pollock,* 457 Pa. 264, 318 A.2d 910 (1974), is distinguishable on the ground, first, that the lawyer who prosecuted the case was an Assistant Attorney General under the supervision and control of the Department of Justice, not the State Dental Council, and, second, that the adjudicating body was a State agency charged with supervising the dental affairs throughout the State, not a local school board.

642

I would reverse the order of the court below and remand the case for new proceedings.