## Miller v. Quakertown Community School District

*Allan K. Grim, Jr.,* for plaintiff.
*Claire G. Billin,* for defendant.

BIESTER, *J.,* February 9, 1981—This is an appeal brought by Margaret Miller from the decision of the Quakertown Community School District confirming the earlier demotion of Mrs. Miller from Food Service Director to co-manager cook in a school cafeteria. The appeal is brought to our court pursuant to the provisions of Local Agency Law, 2 Pa.C.S.A. §§751-754. A full and complete record of the proceedings before the school board was made and the appeal was argued before the court en banc

on the record certified by the school board. Therefore, pursuant to section 754(b) of the said act, this court "shall affirm the adjudication unless it shall find that the adjudication is in violation of the constitutional rights of the appellant or is not in accordance with law, or that the provisions of Subchapter B of Chapter 5 (relating to practice and procedure of local agencies) have been violated in the proceedings before the agency, or that any finding of fact made by the agency and necessary to support its adjudication is not supported by substantial evidence."

There is no assertion that the provisions of Subchapter B of Chapter 5 have been violated and therefore matters pertaining to procedures called for under Subchapter B are not at issue in this case.

On July 14, 1978 appellant was relieved from her duties as director of food services for the Quakertown Community School District and was transferred to the position of co-manager cook at Milford Junior High School. Mrs. Miller has been employed by the school district for 19 years prior to the transfer. The last ten years of her service immediately prior to the transfer was as Food Service Director for the entire school district. Appellant, through her attorney Allan K. Grim, Jr. Esq., requested a hearing with respect to the said transfer before the Board of School Directors of the Quakertown Community School District. Pursuant to appellant's request, a public hearing and special meeting of the Quakertown School Board was convened to hear the matter on September 9, 1978. Thereafter two additional hearings were convened on October 10, 1978 and November 21, 1978. At the hearings appellant was represented by Mr. Grim, the administration of the Quakertown Community School District was represented by William F.

Kershner, Esq., and Claire G. Biehn, Esq., solicitor for the school board served the school board in the capacity of a hearing officer, presiding over the hearings and ruling on evidentiary questions.

After termination of the hearings and upon receipt of the typed notes of testimony, members of the school board in a closed session attended by them alone reviewed the evidence and determined that the transfer of appellant should be confirmed and sustained. Mr. Biehn then prepared an adjudication at the direction of the board and that adjudication was adopted by the board on March 8, 1979. An appeal from the said adjudication was duly filed by appellant and the matter is now before us. We must affirm the board's adjudication unless we find the action violated Mrs. Miller's constitutional rights or was not in accordance with law or was not substantiated by evidence.

A thorough and comprehensive review of the record certified to the court demonstrates that there is substantial evidence in the record to support the adjudication of the Quakertown Community School District and its findings of fact thereunder especially with respect to paragraph 22, A through L. The school administrator, Dr. Lawrie, testified extensively and in considerable detail with respect to the problems and difficulties which he experienced with Mrs. Miller. Additionally, an independent survey was made by experts in the field of food service management and their detailed report was not only submitted to the board but the person who made the analysis and prepared the report testified extensively with respect thereto before the board. Mrs. Miller received an unsatisfactory evaluation for the school years 1976-77 and 1977-78.

Appellant testified at length. In the course of her testimony she attempted to explain the full back-

ground of the relationship which she experienced with the school administration, both with Dr. Lawrie and with other persons with whom she shared senior administrative capacities and responsibilities. However, the evidence which the school board could have found and apparently did find credible (including the independent survey) demonstrates that Mrs. Miller was managing a food service operation which was only adequate or acceptable and suffered deficiencies serious in nature, and that Mrs. Miller, while a very fine and pleasant employe, simply lacked the administrative capacity the board was entitled to require.

Appellant alleges at the very least she should not have been demoted until she was granted a hearing on the matter. We agree. The Local Agency Law disposes of this question. Section 553, 2 Pa.C.S.A. §553, thereof reads in pertinent part as follows: "No adjudication of a local agency shall be valid as to any party unless he shall have been afforded reasonable notice of a hearing and an opportunity to be heard."

Although appellant and appellee discuss the matter in their briefs in terms of the Public School Code, it is clear that the Local Agency Law mandates the appropriate procedures in a demotion such as has occurred in the instant case. It is without question that Local Agency Law applies to school districts: McDonald v. Penn Hills Township School Board, 7 Pa. Commonwealth Ct. 339, 298 A. 2d 612 (1972); Smethport Area School District v. Bowers, 219 Pa. Superior Ct. 269, 280 A. 2d 632 (1971); Kretzler v. Ohio Township, 14 Pa. Commonwealth Ct. 236, 240, 322 A. 2d 157 (1974). It would also appear that section 514 of the Public School Code of March 10, 1949, P.L. 30, as amended, 24 P.S. §5-514, refers to the removal (dismissal) of a nonprofessional em-

ploye and not to the demotion of such an employe: Hunt v. North Hills School District, 118 Pitts.L.J. 204 (1969).

While any demotion involves to some extent the loss of property, the demotion in the instant case involved a 60 percent reduction in appellant's salary. It seems to the court and apparently also to the school board that this demotion is of such a scale and the loss of salary and presumably pension benefits based upon salary so considerable that this particular demotion should be subject to the requirements of the Local Agency Law. Certainly the conduct of the board in granting the extended hearings which were held in this case indicates that the board itself appreciated the radical nature of the job transfer or demotion and therefore pursued the requirements of the Local Agency Law. The board having recognized the impact and applicability of that law to these particular circumstances cannot pick and choose among its various applications. Therefore, we hold that appellant was not properly demoted until after a hearing pursuant to section 553 of the Local Agency Law. In anticipation of this result the parties have prepared a stipulation of the damages which would obtain were the court to reach this result and the amount of such damages is $3,465.25.

Appellant contends that she was denied a fair hearing and therefore suffered unconstitutional deprivation of due process by having to take her appeal initially to the school board itself for hearings on the appropriateness of the demotion. She alleges that the board is the very body which demoted her and therefore could not fairly consider her appeal.

As appellee points out in its brief this constitutional question has been raised in the Eastern District of Pennsylvania and was resolved against the position of appellant by Chief Judge Lord in the case of Barndt v. Wissahickon School District, 475 F. Supp. 503 (E.D. Pa. 1979).

Judge Lord in a well-reasoned opinion cites Hortonville Joint School District No. 1 v. Hortonville Educational Assn., 426 U.S. 482, 96 S.Ct. 2308, 49 L. Ed. 2d 1 (1976). Judge Lord indicates in his review of Hortonville at p. 506:

"In Hortonville, the Court was asked to invalidate as inconsistent with due process the dismissal of striking teachers by a school board that had been negotiating unsuccessfully with the strikers. Observing that plaintiff teachers 'seem to argue that the Board members had some personal or official stake in the decision whether the teacher should be dismissed,' Chief Justice Burger concluded that to fear that 'the Board members had the kind of personal or financial stake in the decision that might create a conflict of interest' was not justified. 426 U.S. at 491-92, 96 S.Ct. at 2314. '[I]n light of the important interest in leaving with the Board the power given by the state legislature,' the Court held that a school board's pecuniary interest as employer in the expense of paying a tenured teacher 'is not enough to overcome the presumption of honesty and integrity in policymakers with decisionmaking power. *Accordingly . . . the Due Process Clause of the Fourteenth Amendment did not guarantee [the teachers] that the decision to terminate their employment would be made or reviewed by* a body other than the School Board." (Emphasis supplied.)

The final issue raised by appellant is her assertion that she was denied a fair hearing by the fact that the attorney who presented the case for the administration was the same attorney who represented the school board during the same period of time in certain labor management negotiations. Appellant's contention must be resolved against her. The precise question has been determined by the Commonwealth Court in Appeal of Feldman, 38 Pa. Commonwealth Ct. 634, 395 A. 2d 602 (1978). In the Feldman case appellant was dismissed from his employment as a temporary professional employe after a hearing before the board of school directors. He appealed his dismissal to the Court of Common Pleas of Delaware County and that court affirmed the board's adjudication. He then appealed to the Commonwealth Court. The Commonwealth Court then reversed and remanded without reaching the merits of the case based on its interpretation of Horn v. Township of Hilltown, 461 Pa. 745, 337 A. 2d 858 (1975), as mandating, "'that governmental bodies charged with decisionmaking functions avoid the "appearance of possible prejudice,"' 21 Pa. Commonwealth Ct. at 453, 346 A. 2d at 896." 38 Pa. Commonwealth Ct. 636, fn. 1. The School Board then filed a petition for allowance of appeal in the Supreme Court and the Supreme Court remanded the case to the Commonwealth Court for further consideration in light of the Supreme Court's decision in Pennsylvania Human Relations Commission v. Feeser, 469 Pa. 173, 364 A. 2d 1324 (1976). The Commonwealth Court in the instant Feldman appeal in its footnote 1, notes: p. 636, "[I]t now seems that the 'appearance of possible prejudice' test is limited to the commingling of

prosecutorial and judicial functions *during* the hearing or the decisions making process." (Emphasis in original.)

In Feldman the attorney who prosecuted the case before the board also served as the board's solicitor. The court held that appellant was not thereby denied due process. The solicitor (in Feldman), while he represented the administration at the hearing, did not preside over the hearing, make legal rulings or advise the board during the course of the proceedings. In Feldman after the board independently of the advice of the solicitor made its adjudication, it then called upon the solicitor to prepare an adjudication complying with the Local Agency Law. The Commonwealth Court has found that that process did not violate Feldman's due process rights. We determine therefore that the procedure followed in the instant case has guaranteed the due process rights of Mrs. Miller. Here, the administration was represented by an attorney who was not the General Solicitor of the board but in fact one who played a precise and specific role as advisor to the board with respect only to labor negotiations. Secondly, the board's regular solicitor did not take part in the adversary process and represented the board in its decisionmaking process only. Under the circumstances and in light of Feldman, supra, it is clear that appellant's contention with respect to the status of the attorney who prosecuted the case for the administration during the hearings must be denied.

This case represents the difficult balance which confronts all governments, at all levels. On the one hand those who work for the public body must be treated fairly and humanely and with respect for

their integrity and their right to due process. On the other hand those same public bodies must be free to pursue especially in their choice of administrative and management personnel the goal of excellence, to seek improving performance, to strive for better service to the people being served. The Quakertown Community School Board has obviously struggled to meet a fair resolution of that balancing process and we do not find its resolution or the standards and procedures by which it was reached violative of any law or the appellant's constitutional rights.

Upon consideration of all of the record in the case and in light of the determinatons made above, we enter the following

## ORDER

And now, February 9, 1981, we find

1. Margaret Miller was entitled under the circumstances of this case to retain her position as Food Service Director until after a full hearing was held on her demotion and therefore is entitled to be compensated by the Quakertown Community School District in the amount of $3,465.25.

2. In all other respects the appeal of Margaret Miller is denied.