IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kenneth Medina,             :
          Appellant       :
                                     :
      v.                    :
                                     :    No. 494 C.D. 2021
Harrisburg School District       :    Argued: December 13, 2021

BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION
BY JUDGE FIZZANO CANNON          FILED: March 16, 2022

Kenneth Medina (Medina) appeals from an order of the Court of Common Pleas of Dauphin County (trial court). The trial court affirmed a decision of the Harrisburg School District (District) by which, according to the trial court's characterization, the District removed Medina from his position as its Business Administrator. Upon review, we affirm the trial court's order, but on different grounds from those on which the trial court based its decision.[1]

---

[1] This Court may affirm a trial court based on a differing rationale. *See Slusser v. Black Creek Twp. Zoning Hearing Bd.*, 124 A.3d 771, 772 (Pa. Cmwlth. 2015) (stating this Court may affirm the decision of the trial court on any grounds); *see also FP Willow Ridge Assocs., L.P. v. Allen Twp.*, 166 A.3d 487, 496 (Pa. Cmwlth. 2017), *appeal denied*, 178 A.3d 106 (Pa. 2018) (stating this Court may affirm on other grounds where grounds for affirmance exist).

# I. Background

## A. The District's Reassignment of Medina

The District hired Medina as its Business Administrator in August 2016. He received a satisfactory performance review in February 2017, but thereafter, the District became concerned about various aspects of Medina's performance. The parties dispute the extent to which the District raised these concerns directly with Medina prior to June 2017. However, on June 29, 2017, the District's Superintendent handed Medina a letter of reprimand (June 2017 Letter) listing several concerns regarding Medina's job performance:

- You have failed to demonstrate leadership of Business Department staff, contractors, building maintenance and payroll function, resulting in payroll and invoice errors; bills not being paid timely; and unacceptable facilities cleanliness and maintenance.

- Consistent payroll errors and failure to administer the TCP/AESOP[2] systems. Recent reconciliation audit was not communicated to employees prior to employees['] pay being impacted. Employees['] pay were [sic] significantly impacted creating financial hardship and ill will with employees.

- Disastrous implementation of TCP, contract approvals and payroll changes [D]istrictwide; ineffective communication with administrators, departments and staff; generating confusion and misunderstanding resulting in compensation and account payment delays.

- Incomplete budget analysis of existing expenses, projection of anticipated income for the 2017 – 2018 . . . District budget. Your projection failed to provide a

---

[2] These acronyms appear to refer to TimeClock Plus and Automated Educational Substitute Operator systems.

complete and accurate assessment of the [D]istrict's financial issues, concerns and impact on future labor expenses. You failed to adequately present immediate financial revenue to meet future financial needs.

Reproduced Record (RR) at 600.[3] The June 2017 Letter also informed Medina that "[a]nother breach of confidence in carrying out any of [his] expected managerial roles [would] result in additional disciplinary action up to and including employment termination." *Id.* at 601.

On July 27, 2017, the District's Human Resources Director sent Medina a letter (July 2017 Letter) notifying him of possible disciplinary action based on the following allegations:

1) Failure to notify the Superintendent of a large vehicle loss.

2) Submitted Budget to [the Pennsylvania Department of Education] with incorrect totals and figures.

3) Failure to schedule and execute building renovations at John Harris and other [D]istrict properties[.]

4) Failure to provide leadership, execution and implementation of business related responsibilities and duties as stated in Letter of Reprimand dated June 28, 2017 [sic].

5) Failure to make arrangement for mail pickup and delivery at the [D]istrict's properties.

RR at 597. The July 2017 Letter informed Medina of the District's position that the accusations, if proven, involved conduct that "may constitute incompetency, intemperance, neglect of duty, violation of any of the school laws of this

---

[3] The page numbers in the reproduced record do not comply with the requirements of Pa. R.A.P. 2173. For ease of reference, this opinion cites the page numbers as listed in the reproduced record.

3

Commonwealth or other improper conduct." *Id.* The July 2017 Letter also placed Medina on administrative leave and notified him of a *Loudermill*[4] hearing to occur on August 7, 2017, concerning the notice of allegations. *Id.* at 597-98.

At the August 2017 *Loudermill* hearing, Medina contended the charges against him were too vague and made a response difficult, but he nonetheless explained his position regarding each of the allegations. *See generally* RR at 505-79. On August 25, 2017, the District sent Medina a letter, captioned as a notice of discipline, informing him that the District's administration had concluded that he had engaged in the alleged conduct and that the administration was recommending to the School Board (Board) that it reassign Medina to the position of Program Grants Administrator, with a substantial salary reduction. RR at 885-86.

## B. The Board's Adjudication

Medina requested a hearing before the Board, either pursuant to Section 1089 of the Public School Code of 1949 (School Code),[5] 24 P.S. § 10-1089, or pursuant to Board Policy 326.[6] The Board granted Medina's request,[7] heard

---

[4] In *Cleveland Board of Education v. Loudermill*, 470 U.S. 532 (1985), the United States Supreme Court held that a public education employee has a limited pretermination right to notice of charges against him and an opportunity to respond. *See Antonini v. W. Beaver Area Sch. Dist.*, 874 A.2d 679, 686 (Pa. Cmwlth. 2005) (quoting *Loudermill*). On appeal to this Court, Medina does not challenge the sufficiency of the *Loudermill* hearing.

[5] Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §§ 1-101 – 27-2702. Section 1089(c) was added by the Act of July 8, 1989, P.L. 253, and authorizes removal of a Business Administrator following notice and a hearing.

[6] Board Policy 326 provides a complaint procedure. Reproduced Record (RR) at 858-59.

[7] The Board's decision did not indicate the basis on which it initially granted Medina's hearing request. However, as set forth below, the Board ultimately concluded that Medina had not been entitled to a hearing on any basis. *See* RR at 858-59.

4

evidence over three days in October 2017, and received a number of exhibits from the parties. *See generally* RR at 3-846. The Board then issued an adjudication.

The Board found as facts that Medina had no written employment contract and was not covered by a collective bargaining agreement. RR at 851. The Board further found that its policy did not require any evaluation of Medina's performance as Business Administrator as a prerequisite to reassigning him to another position. *Id.* at 858.

The Board further found that Medina failed to follow through on various assigned tasks, implement a Board decision to purchase a golf cart for use at the high school, obtain signed contracts regarding work on one of the District's buildings and a consortium agreement with Dauphin County Technical School, track execution of a contract for special education services, direct timely payments to contracted special education professionals and a District employee, make timely fund transfers for the District's Explorer Program, timely track a maintenance program regarding a school playground, timely act on a sports consultant contract, maintain effective communication with Business Department staff, timely respond to information requests from the Board, function effectively in the budgeting process, timely pay bills and invoices including insurance premiums, timely resolve a teacher overpayment, timely implement the District's TimeClock Plus program, timely fund a trust in payment of a special education student settlement, timely notify the Superintendent of a large vehicle loss, and generally provide the leadership, execution, and implementation required by his position as Business Administrator. RR at 853-57. The Board further found that Medina improperly acted against a parent/teacher school cleanup project without authority to do so and presented budget documents with incorrect figures. *Id.* at 855.

5

The Board credited the Superintendent's testimony that she had repeated meetings with Medina concerning his inadequate performance and attempted to work with him to improve his performance, but that he failed to improve his performance. RR at 856. The Board also credited the Superintendent's testimony that she had meetings with Medina concerning a possible reassignment to Operations Manager and that he initially agreed to the reassignment and acknowledged he was having difficulty performing his duties as Business Administrator. *Id*. at 855, 856 & 858. However, he later refused to accept a proffered revised and reduced job description. *Id.* at 857. The Board then assigned him a position as Program Grants Administrator. *Id.*

The Board expressly found as a fact that Medina's change of position constituted a "reassignment from the position of Business Administrator to the position of Program Grant[s] Administrator." RR at 857. The Board concluded that Section 1089 of the School Code, which relates to removal of a Business Administrator, was inapplicable because Medina's reassignment did not constitute a removal under the School Code. *Id.* at 859. Accordingly, the Board concluded that although it provided Medina with a hearing, none was required under the School Code. *Id.*

Nonetheless, the Board determined that even if Section 1089 applied, Medina received an adequate notice and opportunity to be heard and the District presented sufficient evidence to meet its burden of showing that Medina engaged in conduct that constituted willful neglect of his job duties and violation of school laws, including failure to follow directives and other improper conduct. RR at 860. The Board observed that willful neglect of duties, willful failure to follow school laws, and improper conduct all constitute separate valid grounds for dismissal or other

6

discipline and that the Board had discretion to reassign Medina as a lesser form of discipline. *Id.* at 860-61. The Board stated there is no legal requirement for progressive discipline of a Business Administrator. *Id.* at 861.

Regarding Board Policy 326, the Board explained that the policy "provides for a complaint procedure and defines 'complaint' as any unresolved problem concerning application or interpretation of [f]ederal or [s]tate laws and regulations, Board policies, rules, procedures, and written administrative regulations." RR at 860. The Board concluded that Medina's reassignment "does not fit the complaint definition or scenario in that it does not constitute a violation of any [f]ederal or [s]tate laws and regulations, Board policies, rules, procedures, or written administrative regulations." *Id.*

Based on its findings and conclusions, the Board issued its adjudication adopting the District's recommendation to reassign Medina from the position of Business Administrator to Program Grants Administrator, effective November 29, 2017. RR at 862.

### C. The Trial Court's Decision

Medina petitioned for review in the trial court, which affirmed the Board's adjudication without taking additional evidence.[8] Unlike the Board, the trial court opined that Medina's reassignment constituted a removal from his position as Business Administrator and, accordingly, that Section 1089 required notice and a hearing before the reassignment. Memorandum Opinion and Order (Dauphin Cnty.,

---

[8] The trial court initially remanded the Board's decision for a new adjudication and later amended its remand order to eliminate any additional hearing requirement on remand. Accordingly, the Board issued a revised adjudication without taking additional evidence. References to the Board's decision herein relate to the revised adjudication.

No. 2018 CV 216 MD, filed Mar. 31, 2021), slip op. (Trial Ct. Op.) at 6. However, although troubled by the Board's reliance on hearsay evidence, the trial court observed that Medina did not raise hearsay objections and that "Medina and his counsel were well prepared to address the charges and presented a thorough, vigorous[] defense through cross examination and presentation of Medina's case in chief." *Id.* at 11. Accordingly, the trial court concluded that Medina received sufficient notice and hearing to satisfy due process requirements. *Id.*

The trial court also determined the Board's decision was supported by substantial evidence. Viewing the evidence in the light most favorable to the District as the prevailing party before the Board, the trial court declined to overturn the Board's credibility determinations. Trial Ct. Op. at 12. The trial court explained that not every finding of fact must be supported by substantial evidence, but rather, only those facts necessary to support an adjudication. *Id.* at 13 (quoting 2 Pa. C.S. § 754(b); *Monaghan v. Bd. of Sch. Dirs. of Reading Sch. Dist.*, 618 A.2d 1239, 1243 (Pa. Cmwlth. 1992)). Moreover, because the District asserted multiple bases for reassigning Medina, the trial court needed only to "determine that substantial evidence exist[ed] to support the findings of fact necessary to support one of the specific charges warranting dismissal." Trial Ct. Op. at 13 (citing *Monaghan*). The trial court observed that the bases of the District's reassignment of Medina included incompetency, intemperance, neglect of duty, violation of school laws, and other improper conduct. *Id.* at 13-14.

The trial court explained:

The courts have upheld a finding of neglect of duties by a Business Administrator where the evidence supported the findings that the administrator failed to correctly deduct from the wages of teachers, make correct health insurance

8

payments, [and] recommended a budget which contained inaccurate figures. "Violation of school laws" has been held to include violations of rules and orders of the employee's superior. "Improper conduct" has been defined as conduct not in accord with propriety, modesty, good taste, or good manners.

Trial Ct. Op. at 13-14 (internal citations omitted). Although recognizing that Medina offered evidence in opposition to the District's assertions of neglect of duty, the trial court explained that it could not substitute its judgment for that of the Board regarding credibility of the evidence. Trial Ct. Op. at 15. The trial court listed 22 findings of failings by Medina that it concluded were sufficient to demonstrate neglect of duties, violation of school laws, and improper conduct.[9] *Id.* at 15-16.

Accordingly, the trial court affirmed the Board's decision. Medina then sought review in this Court.

## II. Issues

Medina raises three issues for review by this Court.[10] First, he asserts he was denied the due process notice and hearing required by Section 1089 of the

---

[9] We note that the trial court cited the Board's findings concerning Medina's errors in paying the wages of teachers, failing to make insurance payments, and recommending a budget containing inaccurate figures, all of which were found to constitute neglect of duty by a school district's Business Administrator in *Lukacs v. Plum Borough School District*, 952 A.2d 1225, 1233-34 (Pa. Cmwlth. 2008). The Board's findings also revealed multiple instances of failure to follow orders of superiors, which constituted violations of school laws in *Harris v. Secretary of Education*, 372 A.2d 953, 957 (Pa. Cmwlth. 1977), and *Johnson v. United School District*, 191 A.2d 897 (Pa. Super. 1963). However, this Court is unable to discern from the trial court's opinion which findings of the Board indicated improper conduct defined as "conduct not in accord with propriety, modesty, good taste, or good manners" as found in *Rice v. Board of Directors of Easton Area School District*, 495 A.2d 984 (Pa. Cmwlth. 1985).

[10] Where a local agency has developed a complete record and the trial court has taken no additional evidence, our scope of review is limited to determining whether the local agency's

School Code because he received only a vague and inaccurate list of charges and because the Board relied largely on hearsay evidence at the hearing. Second, he argues the Board's decision was not supported by substantial evidence, and the trial court failed to make an independent determination of the sufficiency of the evidence. Third, he contends the District failed to tie any of its charges to removable offenses under Section 1089.

### III. Discussion

Medina's arguments are interrelated, in that they all depend on the application of Section 1089 of the School Code. We disagree with the trial court's conclusion that Medina's reassignment constituted a removal under Section 1089. Instead, we agree with the Board that a reassignment is not a removal and, consequently, that Section 1089 does not apply.

Section 1089(c) provides:

Unless otherwise specified in an employment agreement, the governing board shall, after due notice, giving the reasons therefor, and after hearing if demanded, have the right at any time to *remove* a [B]usiness [A]dministrator

adjudication violated any constitutional rights, constituted an error of law, or lacked substantial evidence in support of findings of fact necessary for the adjudication. 2 Pa. C.S. § 754(b); *Monaghan v. Bd. of Sch. Dirs. of Reading Sch. Dist.*, 618 A.2d 1239, 1241 (Pa. Cmwlth. 1992) (additional citation omitted). To the extent that a case involves review of findings of fact, separate from any concerns about violations of constitutional rights or whether the trial court abused its discretion, our standard of review is whether the findings of fact adopted by the District and affirmed by the trial court in the absence of additional evidence were (1) supported by substantial competent evidence, and (2) not in capricious disregard of competent material evidence. *Purcell v. Reading Sch. Dist.*, 167 A.3d 216, 222 (Pa. Cmwlth. 2017) (citing *Leon E. Wintermyer, Inc. v. Workers' Comp. Appeal Bd. (Marlowe)*, 812 A.2d 478, 487 (Pa. 2002)). However, to the extent that a case involves questions of law, our standard of review is *de novo* and our scope of review is plenary. *Purcell*, 167 A.3d at 222 (citing *Pa. State Educ. Ass'n ex rel. Wilson v. Dep't of Cmty. & Econ. Dev.*, 50 A.3d 1263, 1270 (Pa. 2012)).

10

> for incompetency, intemperance, neglect of duty, violation of any of the school laws of this Commonwealth or other improper conduct.

24 P.S. § 10-1089(c) (emphasis added).  The trial court relied largely on *Monaghan*, which applied Section 1089 to the suspension and termination of a school district's Business Administrator.  *See generally* 618 A.2d 1239.  The trial court reasoned that in order to be reassigned, Medina had to be removed from his position as Business Administrator, thus triggering application of Section 1089.  Here, however, Medina was not terminated, but was reassigned to another position.  Therefore, *Monaghan* is inapt.

Unlike a dismissal, a reassignment to a position with less power, prestige or pay is a "demotion" under the School Code.  *Hritz v. Laurel Highlands Sch. Dist.*, 648 A.2d 108, 109-10 (Pa. Cmwlth. 1994) (citing *Filoon v. Middle Bucks Area Voc.-Tech. Sch.*, 634 A.2d 726, 729 (Pa. Cmwlth. 1993); *Walsh v. Sto-Rox Sch. Dist.*, 532 A.2d 547, 548 (Pa. Cmwlth. 1987)).  Here, Medina was reassigned to another position in the District at substantially less pay.  Accordingly, he was demoted within the meaning of the School Code.

Like Section 1089, Section 514 of the School Code governs "removal."  24 P.S. § 5-514.  Section 514 applies generally to "officers, employes, or appointees" of a school district.  *Id*.  Section 1089, which is specifically applicable to Business Administrators, is closely analogous to Section 514 and uses removal language virtually identical to the general language of Section 514.  *Compare* 24 P.S. § 5-514(c), *with* 24 P.S. § 10-1089(c); *see Knox v. Bd. of Sch. Dirs.*, 888 A.2d 640, 648-49 (Pa. 2005).  Section 514 was part of the School Code as originally enacted in 1949, while Section 1089 was added in 1989.  Notably, the legislature later amended

11

Section 1089 in 2019, but did not change the removal language.[11] Because Sections 514 and 1089 use the same language concerning removal, we conclude that the legislature intended "removal" to have the same meaning in both sections. *See City of Harrisburg v. Prince*, 219 A.3d 602, 612 (Pa. 2019) (defined term used in older statute was presumed to have the same meaning in later statute); *City of Phila. Fire Dep't v. Workers' Comp. Appeal Bd. (Sladek)*, 195 A.3d 197, 206 (Pa. 2018) (by using the same language in two sections of a statute, the legislature intended the same interpretation to apply to both).

Section 514's "removal" language has been deemed not applicable to demotions. *See Miller v. Quakertown Cmty. Sch. Dist.*, 18 Pa. D. & C. 3d 416, 419-20 (1981) ("[S]ection 514 of the [School Code] refers to the removal (dismissal) of a nonprofessional employe and not to the demotion of such an employe.").[12] We agree with this conclusion. Thus, because we have determined that the legislature intended "removal" to have the same meaning in Section 1089 as in Section 514, we conclude that Section 1089 is likewise inapplicable to a demotion. Accordingly, because Medina was demoted and not removed, he was not entitled to exercise any hearing rights under Section 1089.

A review of the School Code reveals no other provisions applicable to Medina's demotion. The only provision relating to demotion is Section 1151, under which a demotion of a "professional employe" is subject to a school board hearing. 24 P.S. § 11-1151. Thus, Medina had no hearing right under Section 1151 unless he was a professional employee within the meaning of the School Code. Similarly,

---

[11] *See* Act of October 30, 2019, P.L. 460.

[12] Although a common pleas decision is not binding authority, we cite it as persuasive.

unless Medina was a professional employee, his demotion was not subject to a right of appeal to the Secretary of Education. *See* 24 P.S. §§ 11-1131 & 11-1151.[13]

Section 1101(1) of the School Code provides:

> (1) The term "professional employe" shall include those who are *certificated as* teachers, *supervisors*, supervising principals, principals, assistant principals, vice-principals, directors of career and technical education, dental hygienists, visiting teachers, home and school visitors, school counselors, child nutrition program specialists, school librarians, school secretaries the selection of whom is on the basis of merit as determined by eligibility lists and school nurses.

24 P.S. § 11-1101(1) (emphasis added). Article X, titled "Supervisors," currently contains only Section 1089, relating to Business Administrators. Arguably,

_____

[13] Section 1131 of the School Code provides;

> In case the *professional employe* concerned considers himself or herself aggrieved by the action of the board of school directors, an appeal by petition, setting forth the grounds for such appeal, may be taken to the Secretary of Education at Harrisburg. Such appeal shall be filed within fifteen (15) days after receipt by registered mail of the written notice of the decision of the board. A copy of such appeal shall be served by registered mail on the secretary of the school board.

24 P.S. § 11-1131 (emphasis added). Section 1151 provides:

> [T]here shall be no demotion *of any professional employe* either in salary or in type of position, except as otherwise provided in this act, without the consent of the employe, or, if such consent is not received, then such demotion shall be subject to the right to a hearing before the board of school directors and an appeal in the same manner as hereinbefore provided in the case of the dismissal of a professional employe.

24 P.S. § 11-1151 (emphasis added).

13

therefore, the School Code facially classifies Business Administrators as supervisors and, accordingly, as professional employees as defined in Section 1101(1).

However, the *sine qua non* of professional employee status under the School Code is *certification* in one of the listed categories of Section 1101(1). *See Davenport v. Dep't of Educ.*, 850 A.2d 802, 804 (Pa. Cmwlth. 2004) (observing that "[p]ossession of a certificate is 'by statute, fundamental to classification as a professional employee'") (quoting *Occhipinti v. Bd. of Sch. Dirs. of Old Forge Sch. Dist.*, 464 A.2d 631, 632 (Pa. Cmwlth. 1983)); *McCoy v. Lincoln Intermediate Unit*, 391 A.2d 1119, 1122 (Pa. Cmwlth. 1978) (stating that the term "professional employe" under the School Code includes those *certified as supervisors*). The Department of Education's policies provide both standards for certification and a list of subjects for which certification is available. *See* Gertrude I. Duncan, Ed. *et al.*, *Policies, Procedures and Standards of Certification of Professional School Personnel [in Pennsylvania]* (1970).[14] Certification for "supervisors" under Part IIB.4 of the standards is available only for supervision of educational personnel: supervisory "certificates are issued to persons who are qualified for supervisory responsibilities *in a specific instructional or educational specialist area*." *Id.* at 99 (emphasis added).[15]

---

[14] Available online at https://files.eric.ed.gov/fulltext/ED099372.pdf (last visited Mar. 15, 2022).

[15] Notably, Part IIB.4 of the standards, relating to "[s]upervisory [c]ertificates," lists the only subjects for which such certificates may be issued. They are agriculture, art, business, communication arts, distributive education, elementary, environmental education, foreign languages, health and physical education, home economics, industrial arts, library science, mathematics, music, reading, school food services, school guidance services, science, social studies, special education, and vocational education. Gertrude I. Duncan, Ed. *et al.*, *Policies, Procedures and Standards of Certification of Professional School Personnel [in Pennsylvania]* (1970).

Although a Business Administrator may supervise some other administrative personnel, that position is not directly involved in education or other student services. Moreover, the position of Business Administrator is not within the Department of Education's list of supervisory positions for which certification may be available. Accordingly, we conclude that a Business Administrator is not certificated as a supervisor within the meaning of Section 1101(1) and, thus, is not a professional employee under the School Code. Therefore, we conclude no provision of the School Code entitled Medina to a hearing concerning his demotion.

Additionally, we observe that in *Hritz v. Laurel Highlands School District*, our Supreme Court explained that "[d]emotions are presumptively valid and an employee seeking to overturn a demotion has the burden of proving the action was arbitrary, discriminatory or founded on improper considerations." 648 A.2d at 110 (citing *Reed v. Juniata-Mifflin Cnties. Area Voc.-Tech. Sch.*, 535 A.2d 1229, 1233 (Pa. Cmwlth. 1988)). The arguments Medina raises on appeal here do not relate to those issues.

## IV. Conclusion

Based on the foregoing discussion, this Court concludes that Medina was not a professional employee as defined in the School Code and that his reassignment was not a removal, but a demotion. As such, it was not subject to any

15

hearing requirement under the School Code.[16]  Accordingly, we affirm the trial court's order.

_____
CHRISTINE FIZZANO CANNON, Judge

---

[16] There was, likewise, no right of appeal to the Secretary of Education.  *See* 24 P.S. §§ 11-1131 & 11-1151.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kenneth Medina,                :
           Appellant        :
                                       :
           v.                     :
                                       :    No. 494 C.D. 2021
Harrisburg School District       :

## O R D E R

AND NOW, this 16th day of March, 2022, the order of the Court of Common Pleas of Dauphin County is AFFIRMED.

_____

CHRISTINE FIZZANO CANNON, Judge